**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald Eddie MOODY,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Howard George HOLLENBECK,**
**Defendant-Appellant.**

Nos. 84–5379, 84–5380.

United States Court of Appeals,
Ninth Circuit.

June 6, 1986.

Before WALLACE, CANBY, and BEEZER, Circuit Judges.

### ORDER AMENDING OPINION

The opinion, 778 F.2d 1380 (9th Cir.1985), is amended at 1385 to add the following footnote 1, with a signal after the citation to *United States v. Gann.*

1. *Trenouth v. United States,* 764 F.2d 1305 (9th Cir.1985) *(Trenouth),* which was decided between *Gann* and *Stewart,* is not to the contrary. De novo review may be appropriate where, as in *Trenouth,* the issue is whether or not the alleged motivation for prosecution was legally permissible. The claims in *Trenouth* involved first amendment issues relating to the scope of the public forum doctrine and the right to picket on military reservations. We concluded that de novo review was appropriate for these "public forum and selection prosecution questions." *Trenouth,* for these "public forum and selective prosecution in such cases requires us "to consider legal concepts"—such as the scope of constitutional rights—and, thus, "to exercise judgment about the values that animate legal

principles." *McConney*, 728 F.2d at 1202. In other cases, such as this one, however, the existence or exercise of the constitutional right that allegedly motivated prosecution is undisputed. The question here is one of motivation itself: Was the prosecution actually *motivated* by exercise of the constitutional right to trial by jury? Where, as here, the primary question is one of "subjective intent" or " 'actual motive' " we deal with what amounts to " 'a pure question of fact.' " *Id.* at 1203, *quoting Pullman-Standard v. Swint*, 456 U.S. 273, 289, 290, 102 S.Ct. 1781, 1790, 1791, 72 L.Ed.2d 66 (1982) (*Pullman-Standard* ). Because such an inquiry is " 'essentially factual' " in nature, *id., quoting Pullman-Standard*, 456 U.S. at 288, 102 S.Ct. at 1790, and "is founded 'on the application of the fact-finding tribunal's experience with the mainsprings of human conduct,' " it warrants a standard more deferential than de novo review. *Id., quoting Commissioner v. Duberstein*, 363 U.S. 278, 289, 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218 (1960).