951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lee SIMPSON, Defendant-Appellant.
 No. 90-50464.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Dec. 16, 1991.
 
 1
 Before JAMES R. BROWNING, BOOCHEVER and REINHARDT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Michael Lee Simpson appeals from the district court's sentence of 110 months imposed upon him under the Sentencing Guidelines. We affirm.
 
 BACKGROUND
 
 4
 In December, 1989, and January, 1990, Simpson robbed three banks. Accompanying him on these robberies as the getaway driver was Phillip Corry. During the first of the robberies, Simpson displayed a gun to the teller. Simpson and Corry were arrested in February, 1990.
 
 
 5
 At first, Simpson and Corry were indicted on only one count of bank robbery. Corry pled guilty to robbery (18 U.S.C. § 2113(a)) and later agreed to testify against Simpson. Partially as a result of the evidence supplied by Corry, Simpson was charged with the two additional counts of robbery and with the use of a firearm during the first robbery (18 U.S.C. § 2113(d)). Simpson then entered a plea of guilty to the three counts of bank robbery, but he pled not guilty to the charge of using a gun. After a bench trial, Simpson was found guilty of using a gun during the first bank robbery.
 
 
 6
 Corry was sentenced to 71 months in custody, based on his guideline offense level of 22, with a two level adjustment for acceptance of responsibility, and a criminal history category of five. Simpson was sentenced to 110 months in jail, based on his guideline offense level of 28, with a two level adjustment for acceptance of responsibility, and a criminal history category of five.
 
 
 7
 Simpson filed a timely appeal from his sentence. He contends that the district court improperly failed to depart downward from the sentencing guidelines in order to make his sentence equal to Corry's. He also argues that his equal protection rights were violated because he was not given the option of pleading guilty to only one count of robbery, as was Corry.
 
 DISCUSSION
 
 8
 Congress enacted the sentencing guidelines to limit the district courts' discretion in sentencing and to provide only "a limited practice of appellate review of sentences." S.Rep. No. 225, 98th Cong., 2nd Sess. 149 (1983), reprinted in 1984 U.S.Code.Cong. & Admin.News 3182, 3332. A district court may upon occasion depart from the sentencing range provided by the guidelines, but only when there is a mitigating circumstance present that was not adequately considered by the Sentencing Commission. 18 U.S.C. § 3553(b). In such a case, appellate review is proper to determine whether the district court's exercise of discretion was appropriate. See United States v. Takai, 930 F.2d 1427 (9th Cir.1991) (decision of district court to depart downward is appealable); United States v. Todd, 909 F.2d 395 (9th Cir.1990) (reviewing an upward departure from the sentencing guidelines); United States v. Montenegro-Rojo, 908 F.2d 425 (9th Cir.1990) (same). However, a refusal by the district court to depart from the guidelines is not subject to appellate review. United States v. Morales, 898 F.2d 99 (9th Cir.1990) (discretionary refusal to grant a request for a downward departure does not fit within any of the specific grants of jurisdiction provided in 18 U.S.C. § 3742(a)).
 
 
 9
 In the case before us, the district court used its discretion to impose the lowest possible sentence, but stayed within the guidelines. Because the district court did not depart from the guidelines, and because Simpson does not allege that the court erred in its application of the guidelines, the sentence imposed by the court is not reviewable on appeal.
 
 
 10
 As to Simpson's equal protection claim, we find no basis for any claim of a constitutional violation. Simpson contends that his equal protection rights were violated because his codefendant, Corry, was permitted to plead guilty to one count of bank robbery, while Simpson was required to plead guilty to three counts. Simpson maintains that this unequal treatment by the government resulted in the disparity between his and Corry's sentences.
 
 
 11
 The standard of review for discriminatory prosecution claims has not been resolved in this circuit. United States v. Moody, 778 F.2d 1380, 1385 (9th Cir.1985), as amended, 791 F.2d 707 (9th Cir.1985). However, we need not decide that issue here. Under either an abuse of discretion standard or a clearly erroneous standard, Simpson's claim fails.
 
 
 12
 There is no constitutional right to a plea bargain and a prosecutor is entitled to broad discretion in determining what charges to file. Moody, 778 F.2d at 1385-86. A defendant who asserts a claim of discriminatory prosecution must show that the government was motivated by considerations of race or religion, or that the discrimination related to an attempt by the defendant to exercise his constitutional rights. Id. at 1386. Simpson has not so alleged. He contends that the prosecutor desired to see him receive a higher sentence, but does not assert that the prosecutor was motivated by an impermissible ground. Accordingly, we cannot find that the prosecutor's decision to charge Simpson with two additional counts of robbery violated Simpson's equal protection rights.
 
 
 13
 The sentence imposed by the district court is therefore
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3