980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy J. LEON, Petitioner-Appellant,
v.
Midge CARROLL, Warden, Respondent-Appellee.
 No. 92-15405.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 27, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Timothy J. Leon ("Leon") appeals the district court's denial of his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.
 
 I. BACKGROUND
 
 3
 Leon was convicted of first degree murder in the Superior Court of the State of California for the County of Madera. At Leon's trial, Timothy Meyer testified for the prosecution. Initially, Meyer was also charged with second degree murder. Meyer, however, entered into a plea agreement with the government. In return for his testimony against Leon, his charge was reduced to assault with intent to commit grave bodily harm. This agreement was fully disclosed to Meyer, his attorney, Leon's attorney, and the court.
 
 
 4
 Meyer's attorney and the prosecutor, however, entered into a supplemental agreement that was not disclosed to Meyer, Leon's counsel, or to the court until after Meyer testified and Leon was convicted. Under the terms of the supplemental agreement, the prosecutor promised to support a petition to modify Meyer's sentence to limit the duration of his confinement to time served, if he testified as promised in the first agreement.
 
 
 5
 In his petition to the district court Leon presented two grounds for relief. First, Leon alleged he was unable to impeach Meyer with the supplemental agreement because the prosecutor failed to disclose its existence. Second, he alleged that the contingent nature of the supplemental agreement violated due process. Leon also requested an evidentiary hearing to establish that Meyer knew of the supplemental agreement when he testified against Leon.
 
 
 6
 The district court denied Leon's request for an evidentiary hearing and petition for a writ of habeas corpus. On appeal, Leon reasserts the same arguments. Additionally, he contends, for the first time, that he was denied effective assistance of counsel at the state appellate level.
 
 II. EVIDENTIARY HEARING
 
 7
 Leon sought an evidentiary hearing to establish that Meyer knew of the supplemental agreement when he testified against Leon. Leon argues that the state court referee[1] would not have found that Meyer lacked knowledge of the supplemental agreement while testifying, if the referee would have considered a colloquy between Meyer and the sentencing judge. We review for abuse of discretion the district court's decision to deny Leon an evidentiary hearing. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). We affirm.
 
 
 8
 The state court referee stated that he had taken judicial notice of Meyer's entire sentencing transcript. (State Court Referee's Findings of Fact, CR 4, Ex. D, Finding 2.) He also cited to the same page where a portion of Meyer's colloquy with the judge is located. (Id. at Finding 5.) We are satisfied that the state court referee was aware of the colloquy between Meyer and the sentencing judge. Consequently, Leon was not denied a full and fair hearing in front of the state court referee. Greyson, 937 F.2d at 1412 (a federal habeas corpus petitioner is entitled to an evidentiary hearing if he did not receive a full and fair evidentiary hearing in state court).
 
 
 9
 Moreover, the colloquy does not indicate that Meyer knew of the supplemental agreement during Leon's trial. During the colloquy, the sentencing judge merely informed Meyer that his probationary sentence could be terminated some time in the future. The colloquy casts no doubt on the validity of the state court referee's finding that Meyer had no knowledge of the supplemental agreement while testifying against Leon. See Callazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 870 (1992) (in habeas corpus proceedings, state court factual findings are entitled to presumption of correctness under 28 U.S.C. § 2254(d)).
 
 III. THE SUPPLEMENTAL AGREEMENT
 
 10
 We review de novo the district court's decision to deny a petition for habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc).
 
 
 11
 A. Failure to Disclose Supplemental Agreement
 
 
 12
 In Willhoite v. Vasquez, 921 F.2d 247 (9th Cir.1990), which involved an appeal by Leon's codefendants, Willhoite and Syzemore, we rejected the same due process challenge Leon raises regarding nondisclosure of the supplemental agreement. A similar ruling should apply in this case.
 
 
 13
 Leon was able to impeach Meyer with evidence of the disclosed plea agreement, i.e., that in exchange for Meyer's testimony, the government would reduce his charge from second degree murder to assault with intent to commit grave bodily harm. As we stated in Willhoite, "[t]he obvious generousity of this agreement provided ample opportunity for the defense to challenge, and for the jury to weigh Meyer's credibility." Willhoite, 921 F.2d at 249.
 
 
 14
 The colloquy between Meyer and the sentencing judge regarding his probationary sentence presents no evidence that Meyer knew of the supplemental agreement. As we noted in Willhoite, evidence of the supplemental agreement
 
 
 15
 would not have assisted the jury in assessing Meyer's credibility. There was no showing that Meyer knew, or even suspected any arrangement had been made pertaining to modification of his sentence at the time he testified.
 
 
 16
 Id.
 
 B. Terms of the Supplemental Agreement
 
 17
 Plea agreements wherein the government's promise of leniency is contingent upon a person's truthful testimony at trial do not violate due process. See United States v. Yarbrough, 852 F.2d 1522, 1537-38 (9th Cir.1988) (contingent plea agreement did not violate due process where leniency offered in exchange for truthful testimony and beneficiary cross-examined regarding agreement); see also United States v. Moody, 778 F.2d 1380, 1385 (9th Cir.1985), amended on other grounds, 791 F.2d 707 (9th Cir.1986) (plea agreements often contingent upon agreement that beneficiary testify truthfully against others).
 
 
 18
 The terms of the disclosed plea agreement provided that the prosecutor would reduce Meyer's charge if Meyer testified truthfully at trial. Although contingent, this agreement did not violate due process because Meyer was promised leniency in return for his truthful testimony. The testimony bargained for in the disclosed plea agreement was the same testimony bargained for in the supplemental agreement. Consequently, the supplemental agreement was also contingent upon Meyer testifying truthfully at trial. The supplemental agreement, which promised leniency in exchange for truthful testimony, also did not violate due process.
 
 IV. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 19
 Leon's ineffective assistance of counsel claim was not included in his petition to the district court. We elect not to entertain this unexhausted claim. Mannes v. Gillespie, 967 F.2d 1310, 1316 n. 6 (9th Cir.1992) (issue not properly before court of appeal where not previously raised in habeas corpus petition to district court).
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Panel unanimously found Leon v. Carroll suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The California Court of Appeal, Fifth Appellate District, appointed a superior court judge to act as a referee and make findings of fact in connection with Leon's state habeas corpus petition