57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James A. BERGER, Defendant-Appellant.
 No. 94-50070.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1995.
Decided June 14, 1995.
 
 IN PART, VACATED IN PART, REMANDED.
 Before: FLETCHER, BRUNETTI and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Berger, Jr., appeals his convictions for drug trafficking and use of a firearm during the commission of a narcotics crime, and his sentences for the drug convictions. We have jurisdiction under 18 U.S.C. Sec. 3742(a) and 28 U.S.C. Sec. 1291. We affirm Berger's drug convictions and one of his firearms convictions, vacate the other firearms conviction, and remand for resentencing.
 
 BACKGROUND
 
 3
 Berger was convicted by a jury of one count of conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1); one count of distribution of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1); two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1);[1] and two counts of use of a firearm during and in relation to drug trafficking crimes, and forfeiture of a firearm, in violation of 18 U.S.C. Secs. 924(c), 924(d)(1). The district court imposed four concurrent life sentences for the drug convictions; 60-month and 240-month consecutive sentences for the firearms convictions; and concurrent ten-year periods of supervised release for the drug convictions to be followed by concurrent three-year periods of supervised release for the firearms convictions.
 
 
 4
 The convictions resulted from a series of transactions in which Berger, a Los Angeles resident, provided cocaine base to Jeffrey Moore, who sold the drug in Albuquerque on Moore's behalf. Drug Enforcement Administration (DEA) agents had Moore under surveillance on November 17 and 18, 1992, when he arrived in Los Angeles and visited Moore's apartment. When Moore was arrested at the airport on November 18, he was carrying 273 grams of cocaine base that he claimed to have obtained from Berger, and a slip of paper with Berger's address and phone number on it.
 
 
 5
 Berger consented to a search of his apartment. The agents found drug paraphernalia, cash, phone records showing calls to Moore's number, and three guns. However, they did not arrest Berger until after a second consensual search of his apartment on April 26, 1993, when they found cocaine base, drug paraphernalia, cash and a gun.
 
 
 6
 Moore testified for the prosecution at Berger's trial, as part of a plea agreement. He stated that he had made four trips to Los Angeles over the past year in order to obtain cocaine base from Berger. Each time, he said, he would pick up about 10 ounces of crack cocaine that he would then sell in Albuqurque. Berger or Berger's wife would travel to Albuquerque to collect the proceeds.
 
 DISCUSSION
 A. Convictions
 
 7
 Berger first contends that the evidence was insufficient to support his convictions, and that the district court erred in failing to instruct sua sponte on the unreliability of the testimony of an addict and on the lesser included offense of simple possession.
 
 1. Sufficiency of the Evidence
 
 8
 Berger's claim of insufficient evidence rests upon his contention that Moore's testimony was erroneously admitted because the government failed to lay an adequate foundation for statements of a coconspirator. Because Berger failed to object to this evidence at trial, we review for plain error. United States v. Moody, 778 F.2d 1380 (9th Cir.1985), amended on other grounds, 791 F.2d 707 (9th Cir.1986). Plain error is highly prejudicial error affecting substantial rights. United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir.1994).
 
 
 9
 In order to admit a coconspirator's out-of-court statements under F.R.E. 801(d)(2)(E), a foundation must be laid to establish that (1) the statement was made during the life of the conspiracy; (2) the statement was made in furtherance of the conspiracy; and (3) there is, including the coconspirator's statement itself, sufficient proof of the existence of the conspiracy and of the defendant's connection to it. Bourjaily v. United States, 483 U.S. 171, 173, 181 (1987).
 
 
 10
 However, Rule 801 applies only to out-of-court statements, not to trial testimony. Berger identifies no out-of-court statements by Moore that were admitted at trial. While there are relevancy and foundational requirements for a coconspirator's trial testimony--for example, a coconspirator could be asked to show that a defendant's statements were made during the period of conspiracy--Berger does not frame his challenge in terms of these requirements. Thus, Berger's argument that admission of Moore's statements was barred by Rule 801 is without merit.
 
 
 11
 If Moore's testimony and the government's other evidence[2] is viewed in the light most favorable to the government, any rational trier of fact could have found the essential elements of Berger's drug convictions beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).[3]
 
 
 12
 There was also sufficient evidence to support the two firearms convictions, in that the agents found a loaded shotgun, semi-automatic pistol and semiautomatic handgun during the first search, and a loaded sawed-off shotgun during the second search. To its credit, the government volunteers that one of the convictions should be vacated, however, because the language of the indictment is so vague[4] that both convictions could have been premised on the same drug trafficking offenses. United States v. Lopez, 37 F.3d 565, 569 (9th Cir.1994), petition for cert. filed (Feb. 13, 1995); United States v. Smith, 924 F.2d 889, 894 (9th Cir.1991). Therefore, we vacate one of the firearms convictions.
 
 
 13
 Under 18 U.S.C. Sec. 924(c)(1), a first conviction of use of a firearm during and in relation to drug trafficking crimes carries a five-year sentence and a second conviction carries a twenty-year sentence. As a result, Berger was sentenced to twenty-five years for the two convictions, to run consecutive to his drug convictions. We vacate the twenty-year sentence for the second, vacated firearms conviction.[5]
 
 2. Instructional Error
 
 14
 Berger next contends that the district court erred in failing to instruct sua sponte on the unreliability of an addict's testimony and on the lesser included offense of simple possession. Jury instructions are reviewed as a whole, United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991), and the trial judge is accorded substantial latitude so long as the instructions fairly and adequately cover the issues presented. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992). Because Berger did not request the instructions at trial, we review only for plain error. United States v. Fagan, 996 F.2d 1009, 1016 (9th Cir.1993).
 
 
 15
 Berger notes that Moore admitted in testimony that he had abused crack cocaine and marijuana for so long that his memory was damaged. He was unable to recall dates and other details of his alleged drug transactions, or what he told the DEA agents when they arrested him. However, an addict instruction is unnecessary when the witness is not addicted at the time he testifies. United States v. Burrows, 36 F.3d 875, 879 (9th Cir.1994). Moore had been incarcerated and "clean" for a year before Berger's trial. Thus, the instruction was unnecessary.
 
 
 16
 We also reject Berger's claim that he was entitled to a lesser included offense instruction for simple possession regarding the cocaine base seized during the April 26, 1993, search. Based upon the amount of cocaine base, paraphernalia, and cash found in his apartment, no such instruction was necessary. "When there is a large quantity of a drug and other evidence tending to establish distribution, courts have declined to require a possession instruction because in those circumstances, once a jury found possession, it could only rationally conclude that the possession was for distribution." Gutierrez, 990 F.2d at 477 (defendant possessed 6,000 doses of cocaine); United States v. Powell, 932 F.2d 1337, 1342 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991) (simple possession instruction not required for more than five kilograms of cocaine).
 
 B. Sentences
 
 17
 As the government concedes, the district court clearly misunderstood its sentencing options. Under 21 U.S.C. Sec. 841(b)(1)(A), a defendant convicted of drug trafficking receives a sentence of twenty years to life if he has one prior felony narcotics conviction. The district court apparently was unaware that the government had withdrawn its claim that Berger had two prior felony narcotics convictions--in which case a life sentence would have been mandatory--and had instead claimed just one prior felony conviction. In sentencing Berger to concurrent life terms on Counts 1, 2, 3, and 5, the court stated:
 
 
 18
 I would certainly not think of sentencing you to the term I am called upon to sentence you to, if it was not for the fact that Congress has taken descretion [sic] away from me and made it necessary for me to do that.
 
 
 19
 Thus, the error was not harmless, and Berger must be resentenced on the drug convictions within the range of twenty years to life.
 
 CONCLUSION
 
 20
 Moore's testimony was properly admitted. There was sufficient evidence to convict Berger of all drug trafficking and firearms counts. Thus, we affirm the drug convictions and one of the firearms convictions. However, we vacate one of the firearms convictions and the twenty-year sentence for that conviction because the jury may have linked both to the same predicate drug offense. We remand for resentencing on the drug and firearms convictions.
 
 
 21
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 One of the counts of possession with intent to distribute and the single count of distribution stem from the same transaction, and it may have been error for the court to sentence Berger on both. United States v. Oropeza, 564 F.2d 316, 323-24 (9th Cir.1977). However, neither party addressed this issue on appeal
 
 
 [2]
 The other evidence consisted of the testimony of the narcotics agents who had Moore under surveillance, the fact that Moore was carrying drugs and Berger's address and phone number when he was arrested, phone bills listing calls from Berger to Moore, and the drugs, drug paraphernalia and guns found during the two searches of Berger's apartment. Berger argues that no fingerprints were found on the paraphernalia, which was in a hamper with other belongings of his ex-wife. However, because the drug paraphernalia was in Berger's apartment, jurors could reasonably conclude that it was Berger's
 
 
 [3]
 Although Berger argues that the cocaine base found in his apartment during the second search was for personal use, we must accept as true the government's contention that the 16.5 grams found in the apartment represented more than 800 doses worth $2,000. This amount was not intended for personal use
 
 
 [4]
 The firearms counts in the indictment refer to "drug trafficking crimes, namely, distribution, possession with intent to distribute and conspiracy to distribute and to possess with intent to distribute cocaine base" without specifically identifying the predicate crimes
 
 
 [5]
 At resentencing, the court should also consider whether the three-year period of supervised release on the remaining firearms conviction should run concurrently with the ten-year period of supervised release for the drug trafficking convictions, in light of a recent amendment to the Sentencing Guidelines, stated in the amendment's commentary to be clarifying. The amendment states that "even in the case of a consecutive term of imprisonment ... any term of supervised release imposed is to run concurrently with any other term of supervised release imposed." U.S.S.G.App. C, amend. 507 (effective November 1, 1994). See also 18 U.S.C. Sec. 3624(e)