COMMONWEALTH *vs.* JOHN A. MEUSE
(and eleven companion cases[1]).

Essex. September 9, 1996. - December 5, 1996.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Practice, Criminal,* Argument by prosecutor, Instructions to jury, Plea, Agreement between prosecutor and witness.

In a criminal case, the prosecutor's comments improperly vouching for the credibility of a witness who had testified under a plea agreement constituted error that the judge's instructions to the jury did not cure: a new trial was required. [832-833]

In a criminal case, a witness's plea agreement that was made contingent on his production of a "prosecutable case" did not require that the witness's testimony be excluded as fundamentally unfair. [833]

At the retrial of a criminal case, evidence that is used only for illustrative purposes should be clearly identified as such to the jury. [833]

INDICTMENTS found and returned in the Superior Court Department on March 4, 1992.

The cases were tried before *John L. Murphy, Jr., J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Gregory I. Massing,* Assistant Attorney General, for the Commonwealth.

*Kevin J. Mahoney* for John A. Meuse.

*Peter M. Dempsey* for Ronald Stephens.

*Victor Koufman* for Robert L. Stephens.

WILKINS, C.J. We granted the Commonwealth's application for further appellate review, following an Appeals Court opinion holding that the prosecutor's closing argument was improper and that the judge's jury instructions did not neutralize the prosecutor's prejudicial argument. See *Commonwealth* v. *Meuse,* 38 Mass. App. Ct. 772 (1995).

---

[1]Four against Robert L. Stephens, four against Ronald Stephens, and three against John A. Meuse.

At trial, Eric Schneider, a significant prosecution witness who had pleaded guilty, testified pursuant to a plea agreement. The Appeals Court considered the prosecutor's comments on Schneider's credibility in light of what we stated concerning testimony pursuant to plea agreements in *Commonwealth* v. *Ciampa*, 406 Mass. 257, 264-265 (1989). The Appeals Court concluded that the prosecutor's argument improperly suggested that the State police could determine whether Schneider was lying and that, with that leverage over him, Schneider necessarily told the truth. *Commonwealth* v. *Meuse, supra* at 773-774. The Appeals Court further concluded that the judge's jury instructions did not cure the prosecutor's error. We agree with the Appeals Court. Because there must be a new trial, we also consider two issues likely to arise at retrial.

1. In its argument to this court concerning further appellate review, the Commonwealth does not defend the propriety of the prosecutor's obviously improper vouching for the truthfulness of Schneider's testimony. It argues, however, that the judge cured the prosecutor's improprieties by his instructions to the jury. We agree with the Appeals Court that, because of the prosecutor's argument, the judge's instructions could have been curative only if he specifically instructed the jury that the government did not and could not know whether Schneider was telling the truth. *Id.* at 775. The judge's instruction that the prosecutor's remark (about the use of the police to determine Schneider's truthfulness) was none of the jury's business and should be disregarded (*id.*), failed to neutralize the prosecutor's error. The jury should have been told additionally, in some form of words, that the prosecutor's argument was wrong.

When a prosecution witness testifies pursuant to a plea agreement containing a promise to tell the truth, and the jury are aware of the promise, the judge should warn the jury that the government does not know whether the witness is telling the truth. See *Commonwealth* v. *Ciampa, supra* at 264. Although a failure to instruct, standing alone, would not be reversible error (cf. *Commonwealth* v. *Grenier*, 415 Mass. 680, 687 [1993]), if the prosecutor has vouched for that witness's credibility, such a failure to instruct is reversible error. The prosecutor's comment was not a permissible response to defense counsel's assertion that the prosecutor had no specific

means of determining whether Schneider was telling the truth. See *Commonwealth* v. *Kozec,* 399 Mass. 514, 519-520 (1987).

2. The Appeals Court did not discuss appellate issues that are likely to arise at a retrial.

The defendants argue that Schneider should not have been permitted to testify because his plea agreement required him, as a condition of its enforcement, "to take whatever action is deemed necessary and appropriate by the Commonwealth to produce a prosecutable case against" the defendants. The claim is that Schneider was obligated to give testimony that would result in convictions. We have indicated that a plea agreement made contingent on obtaining a conviction, as a result of the witness's testimony, would be too great an inducement to the witness and would not meet the test of fundamental fairness. *Commonwealth* v. *Ciampa,* 406 Mass. 257, 261-262 n.5 (1989). A "prosecutable case," however, does not mean a conviction. See *United States* v. *Moody,* 778 F.2d 1380, 1385 (9th Cir. 1985), modified on other grounds, 791 F.2d 707 (9th Cir. 1986). Although those words are better left out of a plea agreement (see *id.*), they do not alone require that testimony pursuant to a plea agreement be excluded.

If the prosecutor wants to have the white plastic hockey mask identified as similar to one worn during the robbery, the jury should be made aware that the mask is used only for illustrative purposes and has no direct connection with the case. Other issues argued are insubstantial or not likely to arise at the new trial, or both.

*Judgments reversed.*

*Verdicts set aside.*