Ryan **SALSBURY**, et al., Plaintiffs–Appellants–Cross–Appellees,

v.

**CITY OF BERKELEY**, et al., Defendants–Appellees–Cross–Appellants.

Nos. 04–16074, 04–16081.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2006.*

Filed July 3, 2006.

Lawrence A. Hildes, Esq., Bellingham, WA, for Plaintiffs–Appellants–Cross–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

** The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

Matthew J. Orebic, Esq., Office of the City Attorney, Berkeley, CA, for Defendants–Appellees–Cross–Appellants.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and HOLLAND,** District Judge.

MEMORANDUM ***

This consolidated appeal arises out of events that occurred during Critical Mass bicycle protests in Berkeley, California, in 2001. The district court granted defendants summary judgment on all of plaintiffs' claims, except for Evan Payne's Fourth Amendment claim against Matthew Meredith and the City of Berkeley. The district court denied summary judgment on Payne's Fourth Amendment claim because it concluded that Meredith was not entitled to qualified immunity. Plaintiffs appeal the district court's grant of summary judgment, and defendants cross-appeal the district court's denial of summary judgment. We have jurisdiction pursuant

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to 28 U.S.C. § 1291,[1] and we affirm in part, reverse in part, and remand.

"We review *de novo* a district court's decision to grant or deny summary judgment."[2] *Prison Legal News v. Lehman,* 397 F.3d 692, 698 (9th Cir.2005). "We apply the same standard used by the trial court under Rule 56 of the Federal Rules of Civil Procedure." *Id.* "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.*

### Plaintiffs' Appeal

1. The district court did not err in granting summary judgment on plaintiffs' First Amendment claims. There is no evidence in the record that defendants intended to interfere with plaintiffs' First Amendment rights. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999).

2. The district court did not err in granting summary judgment on plaintiffs' excessive force claims, whether those claims are analyzed under the Fourth Amendment's "objective reasonableness" standard, *see Motley v. Parks,* 432 F.3d 1072, 1088 (9th Cir.2005) (en banc), or under the Fourteenth Amendment's "shock the conscience" standard. *See County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). There is no evidence of excessive force being used during the arrests of Long and Villasenor. Viewing the evidence in the light most favorable to plaintiffs, no reasonable fact-finder could conclude that the force used against Meggs, Salsbury, Valencia, and Kahn was unreasonable nor would the force that was used shock the conscience.

3. The district court did not err in granting summary judgment on Long's and Villasenor's false arrest claims. To prevail on a 42 U.S.C. § 1983 false arrest claim, a plaintiff must show that there was no probable cause for the arrest. *Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir.1998) (per curiam). As set forth in the declarations of Officers Hester and Meredith, there was probable cause for the arrests of Long and Villasenor.

4. The district court did not err in granting summary judgment on plaintiffs' equal protection claims based on selective enforcement.[3] In order to prevail on a selective enforcement claim, a plaintiff must show that he or she was selected " 'on the basis of an impermissible ground such as race, religion or exercise of ... constitutional rights.' " *United States v. Kidder,* 869 F.2d 1328, 1336 (9th Cir.1989)

---

1. No final judgment was entered in this case by the district court. However, because all of plaintiffs' claims are before the court, "we find that no practical benefits would accrue from a dismissal for lack of appellate jurisdiction." *Squaxin Island Tribe v. Washington,* 781 F.2d 715, 719 (9th Cir.1986).

2. Although our review is *de novo,* we have not considered the evidence presented by plaintiffs in opposition to defendants' motion for summary judgment because the district court struck that evidence from the record and thus it is not part of the record on appeal. *See* 9th Cir. R. 10–2.

3. Plaintiffs contend that the district court failed to consider the selective enforcement claims of Long, Villasenor, Valencia, and Payne. Although the district court did not expressly mention these claims, it granted summary judgment on all of plaintiffs' claims against all defendants, except for Payne's Fourth Amendment claim. Thus, these selective enforcement claims were included in the court's summary judgment in favor of defendants.

(quoting *United States v. Moody,* 778 F.2d 1380, 1386 (9th Cir.1985), *amended on other grounds,* 791 F.2d 707 (9th Cir.1986)). Valencia's selective enforcement claim is barred by the prior conviction doctrine. *See Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir.1996) (per curiam). The other plaintiffs' selective enforcement claims fail because there is no evidence to suggest that plaintiffs were targeted because of an impermissible motive. Plaintiffs contend that they were selected because of their race or ethnicity, but the evidence does not bear this out. Although Valencia, Villasenor, and Salsbury are people of color, the other plaintiffs are not. Plaintiffs also argue that other ride participants committed similar infractions and were not stopped or cited. While this is true, this fact alone is insufficient to create a genuine issue of material fact as to whether plaintiffs were selected based on some impermissible ground. *Kidder,* 869 F.2d at 1336.

5. The district court did not err in granting summary judgment on Salsbury's and Kahn's property damage claims. To prevail on a section 1983 claim based on procedural due process, a plaintiff must show "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir.1993). There is no evidence in the record that Salsbury or Kahn was deprived of his property. There is no evidence that Salsbury's and Kahn's trailer hitches were damaged, as plaintiffs claim. As for the speaker system, the evidence shows that the speaker system continued to operate at the same level after Officer Romano pulled the two wires and that any damage to the wires themselves was minimal and easily repaired.

*Defendants' Cross–Appeal*

The district court erred in denying summary judgment on Payne's Fourth Amend-

ment claim because Officer Meredith is entitled to qualified immunity on this claim. "To resolve the qualified immunity question, we must undertake two inquiries: (1) whether, '[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the officer's conduct violated a constitutional right'; and, if a violation of a constitutional right could indeed be found, (2) 'whether the right was clearly established.'" *Sissoko v. Rocha,* 440 F.3d 1145, 1164 (9th Cir.2006) (alteration in original) (quoting *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

Viewing the evidence in the light most favorable to Payne, the search of Payne violated his Fourth Amendment rights. However, the right at issue here is not clearly established. *See Saucier,* 533 U.S. at 202, 121 S.Ct. 2151. It would not have been clear to a reasonable officer that he could not search Payne's pocket for identification during an investigative detention. *See People v. Long,* 189 Cal.App.3d 77, 234 Cal.Rptr. 271 (1987); *People v. Loudermilk,* 195 Cal.App.3d 996, 241 Cal.Rptr. 208 (1987). Because Payne's claim against Officer Meredith fails, his claim against the defendant City of Berkeley also fails.

*Conclusion*

The district court's denial of summary judgment on Payne's Fourth Amendment claim is reversed. The district court's summary judgment on all other claims is affirmed. We remand to the district court to enter summary judgment dismissing plaintiffs' complaint as to all defendants with prejudice.

AFFIRMED in part, REVERSED in part, and REMANDED. Each side shall bear their own costs on appeal.