107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Grigor KESHISHIAN, Defendant-Appellant.
 No. 94-10599.
 United States Court of Appeals, Ninth Circuit.
 Argued Aug. 16, 1996.
Withdrawn from submission Aug. 16, 1996.
Submitted Sept. 16, 1996.
Decided Feb. 03, 1997.
 
 1
 Before: WIGGINS, TROTT, Circuit Judges, VANCE*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Grigor Keshishian ("defendant") appeals his twenty-one-month sentence for one count of Fraud and Related Activity in Connection with an Access Device in violation of 18 U.S.C. § 1029(a)(2). He contends that the district court erred in denying his motion for a downward departure. We have jurisdiction under 12 U.S.C. § 1291, and we affirm.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 4
 We review the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995). Factual findings in the sentencing phase are reviewed for clear error. Id. The district court's discretionary refusal to depart from the guidelines is unreviewable on appeal. United States v. Estrada-Plata, 57 F.3d 757, 761 (9th Cir.1995). If the trial court indicates, however, that it did not have the discretion under the guidelines to depart, that determination is reviewed de novo. 18 U.S.C. § 3742(e)(2); United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994).
 
 II. ANALYSIS
 A. Aberrant Behavior
 
 5
 The district court's refusal to depart downward based on aberrant behavior is not reviewable. The district court stated that it did "not believe that [defendant's] conduct qualifies as an act of aberrant behavior within the meaning of United States v. Dickey." See Dickey, 924 F.2d 836, 838-39 (9th Cir.), cert. denied, 502 U.S. 943, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991). By distinguishing Dickey, the district court recognized that it had authority to depart, but that the facts did not warrant such a departure in this case. See United States v. Beamon, 992 F.2d 1009, 1015 (9th Cir.1993). In other words, the district court made a discretionary decision not to depart downward based on aberrant behavior. We therefore have no jurisdiction over this issue.
 
 B. Totality of Extraordinary Circumstances
 1. Reviewability
 
 6
 Defendant contends that the district court mistakenly believed that it had no authority to depart downward from the guidelines based on extraordinary circumstances (i.e., defendant's lack of sophistication, his minimal role, and cultural differences), and that the court's mistaken belief is grounds for resentencing. See Estrada-Plata, 57 F.3d at 761-62 (decision not to depart where it was based on a mistaken belief that the district court had no authority to depart is reviewable). The government contends, however, that the district court's decision is not reviewable because the district court indicated that it would have denied defendant's motion notwithstanding the court's remarks about whether it had authority to depart. Eaton, 31 F.3d at 794 ("[R]eversal is not necessary where the district court errs in construing its authority but indicates that it would not have departed downward even if it were not constrained."). See also United States v. Belden, 957 F.2d 671, 676 (9th Cir.) (holding sentence not reviewable where district court stated that it was " 'not inclined to depart' and that, even though the sentence was harsh and [the court] sympathized with [defendant], 'there was no basis for departure' "), cert. denied, 506 U.S. 882, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992); United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990) (holding sentence not reviewable where district court stated, "I do not find that I have the authority [to depart] in this case, nor do I find facts which would lead me to believe I should depart"). Cf. United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993) (finding district court's response, "you say 'overrepresentation' [of criminal history category] when he's got a rap sheet as long as my arm," insufficient to show that court's refusal to depart was discretionary where court repeatedly declared that none of the grounds defendant had suggested for departure were permissible under the guidelines).
 
 
 7
 We reject the government's argument and find the district court's decision reviewable. In denying defendant's motion for extraordinary circumstances, the district court stated that its problem with granting the motion stems from two reasons: (1) defendant's failure to contribute to the PSR and (2) its belief that a departure is not authorized by the guidelines. After giving both these reasons, the court stated that "this is the whole panoply of reasons that [the court] must reject [defendant's] excellent motion." Whether this last statement refers to both reasons cited by the court or to the reasons why a departure is not authorized by the guidelines is unclear. Moreover, it is not clear that the two reasons are independent reasons for denial of defendant's motion.
 
 
 8
 In sum, the district court's remarks do not clearly indicate that the court would not have departed even if it had the discretion to do so. At best, the district court's statement is ambiguous. We turn now to determine whether the district court may consider defendant's alleged extraordinary circumstances.
 
 2. Authority to Depart
 
 9
 The sentencing court has the discretion of imposing a sentence outside of the guideline range where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different form that described." 18 U.S.C. § 3553(b). In determining whether a departure is warranted, the court may consider without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law. 18 U.S.C. § 3661; USSG § 1B1.4. See United States v. Faulkner, 952 F.2d 1066, 1070 (9th Cir.1991) (stating USSG § 1B1.4 must be considered in relation to the other guidelines provisions). The Sentencing Commission has "set forth factors courts may not consider under any circumstances." Koon v. United States, 116 S.Ct. 2035, 2050, 135 L.Ed.2d 392 (1996) (citing 1995 USSG Ch. 1, Pt. A, intro. comment.). These forbidden factors include national origin, socioeconomic status, and lack of guidance as a youth and similar circumstances in departing downward. See USSG § 5H1.10, § 5H1.12.[1]
 
 
 10
 We agree with the district court that the plain language of sections 5H1.10 and 5H1.12 of the guidelines prohibits consideration of the factors that defendant contends justify a downward departure. See United States v. Cook, 938 F.2d 149, 153 (9th Cir.1991) (stating district court cannot consider factors listed in § 5H1.10 to depart downward). We reject defendant's argument that the district court read these prohibitions too broadly. Cf. United States v. Lopez, 938 F.2d 1293, 1297-99 (D.C.Cir.1991) (holding that the district court read too broadly § 5H1.10's prohibition against considering socioeconomic status in sentencing and remanding the case for the district court to determine if such exposure constitutes a traumatic experience to support a downward departure). The combination of factors presented by defendant for a downward departure is not so extreme or unique to take this case out of the "heartland" of cases contemplated in the sentencing guidelines.[2] Thus, the district court did not err in denying defendant's motion to depart downward for extraordinary circumstances.
 
 CONCLUSION
 
 11
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 Hon. Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 5H1.10 provides:
 Race, Sex, National Origin, Creed, Religion, and Socio-Economic Status (Policy Statement)
 These factors are not relevant in the determination of a sentence.
 USSG § 5H1.10. Section 5H1.12 provides:
 Lack of Guidance as a Youth and Similar Circumstances (Policy Statement)
 Lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside of the applicable guideline range.
 USSG § 5H1.12.
 
 
 [2]
 At most, defendant could have sought an adjustment for his alleged minor role in the offense under USSG § 3B1.2