UNITED STATES of America,
Plaintiff–Appellee,

v.

Martin ESTRADA–PLATA,
Defendant–Appellant.

Nos. 94–50178, 94–56538.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1995.

Decided June 9, 1995.

758

Conrad Herring, San Diego, CA, for defendant-appellant.

Steven A. Peak, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, HUG, and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We consider here claims that the government has some obligation to make available a discretionary plea agreement to a defendant who: (a) fails to meet fair and uniformly applied time requirements; and (b) in any event, refuses to unconditionally accept the government's offer. We hold the government has no such obligation.

Defendant Martin Estrada–Plata ("Estrada") was convicted and sentenced to 57 months in custody for being a deported alien found in the United States after a felony conviction, in violation of 8 U.S.C. § 1326(b). Estrada's consolidated appeals concern the government's application of its early disposition ("fast-track") plea bargaining policy for § 1326(b) cases. Estrada, who did not plead under the fast-track policy, claims he was subjected to selective prosecution. He challenges the district court's denial of his motions to dismiss the indictment, refusal to depart downward on his sentence, and denial of his 28 U.S.C. § 2255 motion on that basis. He also claims that his 57–month sentence violates due process and the Eighth Amendment. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255, and we affirm.

## I. BACKGROUND

### A. *The Fast–Track Policy*

On July 22, 1993, the United States Attorney's Office for the Southern District of California implemented the fast-track policy for immigration defendants charged with violating § 1326(b). That section carries a maximum penalty of 5 or 15 years, depending upon whether the defendant was convicted of an aggravated felony. Under the fast-track policy, defendants may enter a pre-indictment guilty plea to a violation of § 1326(a), which carries a 2–year sentence. The policy requires that the defendant waive indictment, enter a guilty plea at the first appearance before the district court, waive appeal of all sentencing issues, stipulate that the applicable guideline range exceeds the 2–year statutory maximum, stipulate to the 2–year sentence, and agree not to seek any downward adjustments or departures.

### B. *Estrada's Case*

Defendant Estrada was charged with violating § 1326(b). Estrada's counsel did not know about the fast-track policy when he appeared with Estrada for the preliminary examination on August 5, 1993. On that date, a government attorney asked Estrada to waive the 10–day time limit for the preliminary examination (a prerequisite to accepting a plea bargain under the fast-track policy). When Estrada refused, Estrada's case was presented to the grand jury, which returned an indictment.

On August 12, Estrada's counsel spoke with another government attorney assigned to the case. It became apparent that, through some misunderstanding or miscommunication, Estrada was not given an opportunity to consider the fast-track plea bargain before he was indicted. The government attorney offered to let Estrada plead under the fast-track policy, but asked for an answer by the following day.

Estrada's counsel did not discuss the plea offer with the government attorney again until a telephone conversation on August 20. The offer had not been withdrawn, but Estrada was asked to respond to the offer that day. Later on August 20, Estrada's counsel left a message with the government attorney that Estrada was unable to stipulate to a 2–year sentence. Estrada's counsel did not request any discovery or additional time to consider the offer before rejecting the plea bargain.

C. *Procedural History*

Estrada filed several pretrial motions challenging the government's fast-track policy, including motions to dismiss the indictment for (1) discriminatory plea bargaining, (2) equal protection and due process violations in connection with the government's enforcement of immigration laws, and (3) race-based selective prosecution. The district court denied the motions. And, after a stipulated facts trial, Estrada was convicted.

In connection with his sentencing, Estrada filed several motions for downward departure, arguing the same issues raised in his pretrial motions. He also moved for downward departure on the ground that his sentencing range (63–78 months) as set forth in the presentence report violated due process and the Eighth Amendment. The court denied Estrada's motions for downward departure, and sentenced Estrada to 57 months in custody.

Finally, Estrada filed a 28 U.S.C. § 2255 motion, claiming that he discovered "new evidence" of alleged misrepresentations by the government in describing the discovery procedures applicable to fast-track cases. The district court denied the motion finding, among other things, that no misrepresentations had been made.

## II. DISCUSSION

A. *Selective Prosecution Claims*

Estrada made three different selective prosecution claims in his motions to dismiss the indictment. First, he claimed that he was discriminated against when he was not offered the fast-track plea bargain under the same terms as other § 1326(b) defendants. Second, he claimed that the fast-track policy discriminates against all § 1326(b) defendants on the basis of their race. Finally, he argued that the government violated equal protection and due process by prosecuting him, when it refused to prosecute known undocumented aliens working for the United States Forest Service.

■ It is well-settled that "[t]here is no constitutional right to a plea bargain, and the decision whether to offer a plea bargain is a matter of prosecutorial discretion." *United States v. Moody,* 778 F.2d 1380, 1385–86 (9th Cir.1985), *amended,* 791 F.2d 707 (9th Cir. 1986); *see also United States v. Sustaita,* 1 F.3d 950, 952 (9th Cir.1993). In order to challenge a prosecutor's plea bargaining or charging decision, Estrada must establish a prima facie case of invidious discrimination, by showing that (1) others similarly situated to him were not prosecuted or were given more favorable plea bargains; and (2) his prosecution was based on an impermissible motive, i.e. a discriminatory purpose or intent. *See United States v. Wayte,* 710 F.2d 1385, 1387 (9th Cir.1983), *affirmed* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).[1] These are essentially factual determinations which we review for clear error. *See United States v. Gutierrez,* 990 F.2d 472, 475 (9th Cir.1993), *overruled on other grounds, United States v. Armstrong,* 48 F.3d 1508, 1513 n. 1 (9th Cir.1995) (en banc); *cf. Moody,* 791 F.2d at 707 n. 1.

### 1. *The Fast–Track Policy Applied To Estrada*

■ On appeal, Estrada argues that he was not offered the fast-track plea bargain under the same terms as it was offered to other § 1326(b) defendants, because other § 1326(b) defendants "usually" have two weeks to consider the offer. He claims that he was not given adequate time or discovery to make an informed decision, and that the government intended to discriminate against him because he insisted on asserting his Sixth Amendment right to effective assistance of counsel. The district court rejected these arguments, and so do we.

There is no evidence that Estrada was treated differently than similarly situated defendants. The record demonstrates that Estrada rejected the plea bargain offer after having 9 days (from August 12 to August 20) to consider it. Estrada did not demonstrate that 9 days was inadequate time, or that

---

**1.** Our recent en banc opinion in *United States v. Armstrong,* 48 F.3d 1508 (9th Cir.1995), which addresses the applicable standard for obtaining discovery in selective prosecution cases, does not change this longstanding rule.

other § 1326(b) defendants were given a more significant opportunity to evaluate their cases. Moreover, as the district court noted, Estrada's counsel never requested any discovery and never asked the government for additional time to review his client's record.

■■■■ Even if we assume that Estrada was treated differently, there is absolutely no evidence of discriminatory intent by the government. It is true that it is impermissible for the government to prosecute a defendant on the basis of his exercise of a constitutional right, such as the right to effective assistance of counsel. *See Moody*, 778 F.2d at 1386 (and cases cited therein). But to establish a prima facie case of selective prosecution, the defendant "must present enough evidence to demonstrate a reasonable inference of invidious discrimination." *United States v. Redondo–Lemos*, 955 F.2d 1296, 1302 (9th Cir. 1992). Estrada did not present *any* evidence that the government's action here was for the purpose of, or intended to, deny him his Sixth Amendment right to effective assistance of counsel. His claim therefore fails.

### 2. *The Fast–Track Policy Applied To All § 1326(b) Defendants*

■■■ Estrada also argues that the fast-track policy discriminates against all § 1326(b) defendants on the basis of their race, by depriving them of effective assistance of counsel in determining whether to accept the plea bargain. We disagree.

The fast-track policy undoubtedly affects Hispanics more than other races, because the Southern District of California includes a portion of the United States/Mexico border. We need not consider whether this fact alone establishes that similarly situated defendants are treated differently, because Estrada clearly failed to establish the second prong of the selective prosecution inquiry. *See Redondo–Lemos*, 955 F.2d at 1301 (it is not enough that enforcement decision has discriminatory effect, prosecution must be motivated by discriminatory purpose). Estrada has not demonstrated that the government had any discriminatory intent or purpose in implementing the fast-track policy. Rather, the evidence is clear that the government selected § 1326(b) cases for the fast-track

policy to conserve prosecutorial and judicial resources, not because they involve Hispanic defendants or to deprive those defendants of effective counsel.

In light of the overall crime problem in the Southern District of California, the government chose to allow § 1326(b) defendants the opportunity to plead to a lesser offense, if done so at the earliest stage of the case. Like the district court, we find absolutely nothing wrong (and, quite frankly, a great deal right) with such a practice. The policy benefits the government and the court system by relieving court congestion. But more importantly, the policy benefits § 1326(b) defendants by offering them a substantial sentence reduction. These defendants have nothing to lose and much to gain from the fast-track policy. We flatly reject the contention that the policy is discriminatory.

### 3. *The Government's Alleged Refusal To Prosecute Undocumented Alien Forest Service Workers*

■■■ Estrada also claims that the government violated due process and equal protection by failing to prosecute the illegal immigrants it employs. He relies solely on a Congressional Report, which suggests that there are known undocumented aliens working for the United States Forest Service. Estrada's mere reference to this article does not establish a prima facie case of selective prosecution. Estrada fails to show that he is similarly situated to the undocumented workers. Estrada was charged as a criminal alien, having been convicted of two aggravated felonies, and is not just an undocumented worker. In addition, Estrada brings forth no evidence of discriminatory intent or purpose. This claim fails as well.

### B. *Downward Departure*

■■■ Estrada claims that the district court erred in refusing to depart downward on his sentence for selective prosecution. A district court's discretionary refusal to depart downward is unreviewable on appeal. *United States v. Young*, 988 F.2d 1002, 1004 (9th Cir.1993). We may review a decision not to depart only where it was based on a mistak-

en belief that the court had no authority to depart. *Id.*

The record does not suggest that the district court's refusal to depart downward was anything but discretionary. The district court was unpersuaded by Estrada's selective prosecution claims and found that departure was not warranted. *See, e.g., United States v. Robinson,* 958 F.2d 268, 272 (9th Cir.1992) (court's decision was discretionary where it entertained briefs and oral argument on the appropriateness of downward departure and concluded that departure was "not warranted"); *United States v. Belden,* 957 F.2d 671, 676 (9th Cir.) *cert. denied,* —— U.S. ——, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992) (court's decision was discretionary where it indicated that "it was not inclined to depart" and there was "no basis for departure;" and decision did not rest on belief that departure was prevented as a matter of law). Nothing in the record indicates that the district court acted on a mistaken belief that it had no authority to depart. We therefore decline to review the district court's discretionary decision.

## C. *Eighth Amendment and Due Process*

▮▮▮ Estrada contends that his 57-month sentence violates the Eighth Amendment and due process. We review de novo the constitutionality of a sentence, *United States v. Bland,* 961 F.2d 123, 128 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 170, 121 L.Ed.2d 117 (1992) (Eighth Amendment); *United States v. Brady,* 895 F.2d 538, 539 (9th Cir.1990) (due process), as well as the district court's interpretation of the Sentencing Guidelines, *United States v. Buenrostro-Torres,* 24 F.3d 1173, 1174 (9th Cir.1994). Factual findings underlying the sentence are reviewed for clear error. *United States v. Mainard,* 5 F.3d 404, 405 (9th Cir.1993).

Estrada takes issue with the district court's application of United States Sentencing Guideline ("USSG") § 2L1.2(b)(2), which requires a 16-level upward adjustment for immigration defendants convicted of aggravated felonies. Estrada concedes that he was previously convicted of two aggravated felonies involving possession of cocaine for sale. He nevertheless claims that application

of this guideline resulted in cruel and unusual punishment, and denied him due process by depriving the district court of its discretion to consider the nature of his offenses. Estrada relies upon two district court opinions from other circuits, *United States v. Hinds,* 803 F.Supp. 675, 679 (W.D.N.Y.1992), and *United States v. Spencer,* 817 F.Supp. 176 (D.D.C.1993).

In *Hinds,* the district court declined to "mechanically" apply the 16-level enhancement to a defendant—who had two prior convictions for minor marijuana charges—because it "seriously over-represent[ed] his criminal past." *Hinds,* 803 F.Supp. at 678. Even if we found the reasoning in *Hinds* persuasive, it would not help Estrada. The district court here did not find that Estrada's prior cocaine convictions were minor or that application of the 16-level enhancement seriously overrepresented Estrada's criminal history. Nor do we.

In *Spencer,* the district court held that application of a 30-year minimum sentence under USSG § 4B1.1 to a defendant who possessed less than eight grams of narcotics with the intent to distribute violated the Eighth Amendment. *Spencer,* 817 F.Supp. at 181–184. It also opined that the mandatory minimum violates due process by interfering with "the power of the federal courts to exercise their historic sentencing function." *Id.* at 181. However, both of these novel rulings by the district court were reversed on appeal. *See United States v. Spencer,* 25 F.3d 1105, 1111–12 (D.C.Cir.1994).

To violate the Eighth Amendment, "a sentence within the limits set by a valid statute … [must be] so grossly out of proportion to the severity of the crime as to shock our sense of justice." *United States v. Cupa–Guillen,* 34 F.3d 860, 864 (9th Cir.1994) *cert. denied,* —— U.S. ——, 115 S.Ct. 921, 130 L.Ed.2d 801 (1995) (citations omitted); *see also Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983). Estrada's sentence clearly does not rise to that level. Our opinion in *Cupa–Guillen* is dispositive. In that case, we upheld a 100-month sentence for a § 1326(b) defendant with two prior aggravated drug felonies. *Cupa–Guillen,* 34 F.3d at 864–65. *See also United States v. Cardenas–Alvarez,* 987 F.2d 1129, 1134 (5th Cir.1993) (100–month sen-

tence for violation of § 1326(b) did not violate Eighth Amendment).

Moreover, Estrada's argument that the 16–level enhancement violates due process by "treat[ing] all persons with aggravated felonies equally" is frivolous. Under Estrada's logic, all mandatory minimums and sentencing enhancements under the guidelines would violate due process. That is clearly not the case. *See, e.g., Brady,* 895 F.2d 538 (sentencing guidelines do not violate due process). The district court was free to consider Estrada's individual circumstances, *see e.g.,* 18 U.S.C. § 3553(b), and there is nothing in the record to suggest that it disregarded any pertinent sentencing factor.

### D. *§ 2255 Motion*

Estrada's § 2255 motion was based upon "newly discovered evidence" of misrepresentations and omissions by the government in describing when and what discovery is provided in fast-track cases. Based upon this "new evidence," Estrada renewed his argument that he was discriminated against by the government. The district court denied the motion, making specific factual findings based upon various affidavits in the record that no misrepresentations or omissions were made and that Estrada was not treated differently. We review those findings for clear error. *Thomas v. Brewer,* 923 F.2d 1361, 1364 (9th Cir.1991).

Nothing in Estrada's pleadings or the record before us demonstrates that the district court's factual findings were erroneous. Moreover, Estrada does not even attempt to explain how the alleged misrepresentations regarding discovery establish the requisite discriminatory intent or purpose of the government. Estrada concedes that, at the time in question, § 1326(b) defendants were not given discovery unless they requested it. Having failed to make a request, Estrada cannot now complain.

### III. CONCLUSION

For the above reasons, the district court is **AFFIRMED.**