**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leopaldo CUEVAS–GOMEZ,**
**Defendant–Appellant.**

**No. 94–30365.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 17, 1995 *.

Decided Aug. 9, 1995.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Thomas W. Hillier, II, Federal Public Defender, Seattle, WA, for defendant-appellant.

Donald M. Reno, Jr., Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: FARRIS, NOONAN, and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We consider here whether a district court has discretionary authority to depart downward from the sentence mandated by United States Sentencing Guideline ("USSG") § 2L1.2(b)(2), which requires a 16–level upward adjustment for immigration defendants convicted of aggravated felonies. At sentencing, in response to defense counsel's question, the district court stated that it lacked authority to depart in this case. The court, however, indicated that it "would not at all object to an appellate holding that [departure] is open to the courts.... [a]nd if

held to be in error, obviously I would consider then whether [the defendant's criminal history] is overstated in this case." Our review of whether the district court has authority to depart is de novo. *United States v. Lira–Barraza*, 941 F.2d 745, 746 (9th Cir. 1991) (en banc). We have jurisdiction under 18 U.S.C. § 3742(b) (review of sentence) and 28 U.S.C. § 1291 (review of final judgment). We hold that the downward departure sought by Cuevas–Gomez is within the district court's authority, and we remand for reconsideration of Cuevas–Gomez's sentence.

The district courts have statutory authority to depart from the Guidelines in those cases in which the court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b); USSG § 5K2.0 (policy statement regarding departure). Nothing in section 3553(b) or in the Guidelines suggests that the district court's departure authority does not extend to USSG § 2L1.2(b)(2).

In fact, we have held that the application of USSG § 2L1.2(b)(2) does not violate a defendant's due process rights precisely because "the district court [is] free to consider [defendant's] individual circumstances." *United States v. Estrada–Plata*, 57 F.3d 757, 763 (9th Cir.1995). *See also, United States v. Reyes*, 8 F.3d 1379, 1382–89 (9th Cir.1993) (§ 3553(b) authorizes downward departure from defendant's career offender category); *United States v. Hinds*, 803 F.Supp. 675, 676–79 (W.D.N.Y.1992) (departing downward under authority of § 3553(b) in illegal reentry case in which defendant's "aggravated felonies" were comparatively minor drug offenses), *aff'd*, 992 F.2d 321 (2nd Cir.1993) (table). Thus, the district court does indeed possess the authority to consider whether Cuevas–Gomez's individual circumstances warrant a downward departure. We express no opinion whether Cuevas–Gomez's circumstances merit downward departure; a matter for the district court to consider on remand.[1]

1. We do not mean to suggest, nor did Cuevas–Gomez argue, that the minor nature of his prior offense did not trigger the 16–level increase mandated by USSG § 2L1.2(b)(2). We simply hold that the district court's general departure authority applies to illegal reentry cases.

Accordingly, we VACATE Cuevas–Gomez's sentence and REMAND the case for proceedings consistent with this opinion.