91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Carlos BENITEZ-PERDOMO, aka Juan Carlos
Perdomo-Benitez, Defendant-Appellant.
 No. 95-50411.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided July 24, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Juan Carlos Benitez-Perdomo appeals his sentence imposed under the Sentencing Guidelines following his guilty plea to being an alien unlawfully found in the United States after being convicted of a felony and deported (8 U.S.C. § 1326(b)(1)). We dismiss for lack of jurisdiction.
 
 
 4
 "[A] district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990); see also United States v. Staufer, 38 F.3d 1103, 1108 (9th Cir.1994). "An exception to this rule exists when the district court indicates that it believes that it lacks the authority to depart." United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995); see also United States v. Khoury, 62 F.3d 1138, 1142 (9th Cir.1995); United States v. Estrada-Plata, 57 F.3d 757, 761-62 (9th Cir.1995). However, when the record indicates that the district court's decision is discretionary, we will not review the decision not to depart. Eyler, 67 F.3d at 1390 n. 5; Estrada-Plata, 57 F.3d at 762; United States v. Hanna, 49 F.3d 572, 576 (9th Cir.1995); United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 506 U.S. 882, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992). "[D]ecisions to deny downward departure will be considered discretionary unless the district court indicates that its refusal to depart rests on its view that it could not as a matter of law do so." United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 125, 133 L.Ed.2d 74 (1995). Moreover, the imposition of a sentence greater than the minimum in the guideline range may be viewed as an exercise of the court's discretion in a manner antithetical to departure. United States v. Sanchez, 914 F.2d 1355, 1363-64 (9th Cir.1990) (if judge would have departed, but thought he was precluded, he would have sentenced at bottom of guideline range), cert. denied, 499 U.S. 978, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991).
 
 
 5
 At the sentencing hearing, both parties argued about the court's ability to depart downward and whether it should do so. The court did not specifically state that it had the authority to depart before it sentenced Benitez without departing but made it clear that it would not do so. When asked by the government if it recognized its ability but found no factual basis, the court said: "Of course, I do not." It added, "This calls for the maximum sentence under the law."
 
 
 6
 Thirty months was the maximum sentence within the guideline range and the court imposed that upon him. That also indicates that the district court did not consider a departure to be warranted. Thus, we lack jurisdiction to review Benitez's appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3