91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karen D. THOMPSON, Defendant-Appellant.
 No. 95-50321.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided July 24, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Karen Deanna Thompson appeals her sentence under the Sentencing Guidelines which was imposed following her conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(I). We lack jurisdiction to review the district court's decision not to depart downward, and we dismiss.
 
 
 4
 "[A] district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990); see also United States v. Staufer, 38 F.3d 1103, 1108 (9th Cir.1994). "An exception to this rule exists when the district court indicates that it believes that it lacks the authority to depart." United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995); see also United States v. Khoury, 62 F.3d 1138, 1142 (9th Cir.1995); United States v. Estrada-Plata, 57 F.3d 757, 761-62 (9th Cir.1995). However, when the record indicates that the district court's decision is discretionary, we will not review the decision not to depart. Eyler, 67 F.3d at 1390 n. 5; Estrada-Plata, 57 F.3d at 762; United States v. Hanna, 49 F.3d 572, 576 (9th Cir.1995); United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 506 U.S. 882, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992). "[D]ecisions to deny downward departure will be considered discretionary unless the district court indicates that its refusal to depart rests on its view that it could not as a matter of law do so." United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 125, 133 L.Ed.2d 74 (1995).
 
 
 5
 At sentencing, Thompson argued that the district court should grant a downward departure based on prison victimization. The district court declined Thompson's request that it say it had no discretion to depart and accepted the characterization provided by the Government that it was declining to exercise the discretion it had. The district court's statements make it clear that its decision not to depart was based on an exercise of its discretion and not on a belief that it was legally barred from departing. See Pinto, 48 F.3d at 389. As such, the decision of the district court is not reviewable on appeal. See Eyler, 67 F.3d at 1390 n. 5; Estrada-Plata, 57 F.3d at 762; Hanna, 49 F.3d at 576; Belden, 957 F.2d at 676. We, therefore, lack jurisdiction to review the district court's decision.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3