99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clemente De Santos DE SANTOS, aka Isidro Chavez-Rodriguez;
aka Clemente De Santos-Gonzalez aka Clemente De Santos; aka
Manuel Perez-Perez; aka Daniel De Santos-De Santos; aka
Juan Perez-Perez; aka Daniel Perez-Perez, aka Daniel Peres;
aka Manuel Peres; aka Daniel De Santos-Perez; aka Daniel
Perez-De Santos; aka Daniel De Santos; aka Juan Peres,
Defendant-Appellant.
 No. 96-30069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1996.*
Decided Oct. 17, 1996.
 
 Before: BROWNING, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court committed no reviewable error in sentencing DeSantos.
 
 
 3
 DeSantos' argument that the 16-level increase in offense level overrepresented his prior record was considered by the district court even though the court did not explicitly acknowledge its authority to depart under United States v. Cuevas-Gomez, 61 F.3d 749, 750 (9th Cir.1995).
 
 
 4
 "[D]ecisions to deny downward departure will be considered discretionary unless the district court indicates that its refusal to depart rests on its view that it could not as a matter of law do so." United States v. Pinto, 48 F.3d 384, 389 (9th Cir.1995). Furthermore, a sentencing court's "[f]ailure to depart without comment on the authority to do so does not convert a discretionary departure into a sentence imposed in violation of law." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991). Under circumstances such as these, we will generally assume that a district court knows and applies the law correctly, realizes it has the authority to depart, and has merely concluded that departure is inappropriate on the facts of a particular case. Id.
 
 
 5
 Here, DeSantos' sentencing memorandum and argument by counsel at the sentencing hearing thoroughly addressed the issue of downward departure under Cuevas-Gomez, and the court expressed no doubts about its authority to depart.
 
 
 6
 Because a district court's discretionary decision not to depart is unreviewable on appeal, United States v. Estrada-Plata, 57 F.3d 757, 761 (9th Cir.1995), we have no jurisdiction to review DeSantos' contentions that the court improperly ignored evidence supporting the exercise of discretion for departure.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3