110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo ORTIZ-AYALA, Defendant-Appellant.
 No. 96-50288.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided March 31, 1997.
 
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arturo Ortiz-Ayala was convicted of being found in the United States after being deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(b), and timely appeals. His sole contention is that the district court erred in denying him discovery to support his claim of selective prosecution. We affirm.
 
 
 3
 To establish a prima facie claim of selective prosecution, Ortiz-Ayala would have to demonstrate two elements: "(1) [that] others similarly situated to him were not prosecuted or were given more favorable plea bargains; and (2) [that] his prosecution was based on an impermissible motive, i.e. a discriminatory purpose or intent." United States v. Estrada-Plata, 57 F.3d 757, 760 (9th Cir.1995). To be entitled to discovery on his claim, Ortiz-Ayala must present some evidence tending to show the existence of both elements. See United States v. Armstrong, 116 S.Ct. 1480, 1488 (1996).
 
 
 4
 Ortiz-Ayala has failed to present any evidence showing the existence of the second element of the defense, discriminatory intent. Ortiz-Ayala made no allegation in the district court that he was denied a plea deal on the basis of any impermissible criterion such as race or religion. Rather, counsel represented to the court that she sought discovery so she could determine whether any impermissible criterion was used. The district court correctly characterized this as a fishing expedition.
 
 
 5
 Ortiz-Ayala did not make the required threshold showing of discriminatory motive. Absent a showing of some evidence tending to show the existence of this element, Ortiz-Ayala was not entitled to discovery. See Armstrong, 116 S.Ct. at 1488.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3