UNITED STATES of America,
Plaintiff—Appellee,

v.

Shawn KEE, Defendant—Appellant.

No. 01–10644.

D.C. No. CR–01–00236–PGR.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2002.*

Decided Aug. 20, 2002.

Before HALL, KOZINSKI, and McKEOWN, Circuit Judges.

MEMORANDUM **

The district court did not abuse its discretion in admitting the mechanic's extension bar into evidence. The victim testified that he recognized the bar as the same one that Kee had used to assault him because the bar had been in his car from the time Kee threw it through his windshield until the time he turned it over to the authorities. *Cf. United States v. Johnson,* 637 F.2d 1224, 1247–48 (9th Cir.1980) (ax properly authenticated by victim's testimony that he was "pretty sure" it was the same ax that had been used in the assault on him despite his inability to identify any distinguishing characteristics), *abrogated on other grounds by Schmuck v. United States,* 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Kee also claims that the evidence was more prejudicial than probative. The victim and other witnesses testified that the defendant assaulted the victim with the extension bar. Identification of a suspected assault weapon is highly relevant to the government's case. *See Johnson,* 637 F.2d at 1248.

Finally, the district court did not err by refusing to depart downward under U.S.S.G. § 5K2.10. We review its decision only if it believed that it had no authority to depart. *United States v. Estrada–Plata,* 57 F.3d 757, 761–62 (9th Cir.1995). The record does not bear out Kee's contention that the court held this mistaken belief. It suggests only that, in light of the time elapsed since the first altercation, the court declined to "assess[ ] responsibility" to the victim by granting a downward departure to the defendant.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.