**Luis Rey GARCIA, Petitioner— Appellant,**

v.

**Adele FASANO, District Director, U.S. Immigration and Naturalization Service, Director of the Immigration and Naturalization Service, Respondent— Appellee.**

No. 02–56049.

D.C. No. CV–02–00341–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2003.*

Decided May 6, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Luis Rey Garcia appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

We review a district court's denial of a petition for a writ of habeas corpus *de novo.* *Wade v. Terhune,* 202 F.3d 1190, 1194 (9th Cir.2000). Garcia is not eligible for INA § 212(c), 8 U.S.C. § 1182(c), relief because Garcia did not plead guilty. Garcia proceeded to trial and was convicted by a jury. *See Amendariz–Montoya v. Sonchik,* 291 F.3d 1116, 1121–22 (9th Cir.2002) (holding that § 212(c) relief under *St. Cyr* is not available to a defendant convicted by a jury) (citing *INS v. St. Cyr,* 533 U.S. 289, 321–22, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)).

The fact that Garcia did not receive a plea bargain offer does not alter our application of *Amendariz–Montoya. See United States v. Estrada–Plata,* 57 F.3d 757, 760 (9th Cir.1995) (explaining the decision to offer a plea bargain is a matter of prosecutorial discretion). Nor is a motion to reduce a conviction from murder to voluntary manslaughter the functional equivalent of a plea bargain. Because Garcia had already been convicted by a jury for second degree murder, Garcia stood only to gain from his motion. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602 (9th Cir.2002) ("A plea bargain is a formal exchange in which each side consensually gives, and gets, something of value.").

Garcia waived his INA § 212(h), 8 U.S.C. § 1182(h), equal protection challenge for purposes of appellate review by

---

failing to raise it before the district court. *See Arizona v. Components Inc.*, 66 F.3d 213, 217 (9th Cir.1995).

The judgment of the district court is AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.