**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nevell ROANHORSE, Defendant–**
**Appellant.**

No. 02–10221.
D.C. No. CR–01–00521–RCB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM**

Nevell Roanhorse appeals the 54–month sentence imposed following his jury conviction for assault resulting in serious bodily injury on an Indian Reservation, in violation of 18 U.S.C. §§ 1153, 113(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of the sentencing guidelines, and we review for clear error the factual basis for the court's decision. *United States v. Dayea*, 32 F.3d 1377, 1379 (9th Cir.1994). We affirm in part, and dismiss in part.

 Contrary to Roanhorse's contention, the district court properly applied a four-level upward adjustment under U.S.S.G. § 2A2.2(b)(2)(B) for use of a dangerous weapon because the jury determined intent to injure beyond a reasonable doubt when it convicted Roanhorse of Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. § 113(a)(6). *See Dayea*, 32 F.3d at 1381. Roanhorse's sentence did not violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the basis for the enhancement was determined beyond a reasonable doubt and Roanhorse's sentence of 54–months did not exceed the 10–year statutory maximum. *See* 18 U.S.C. § 113(a)(6); *United States v. Sua*, 307 F.3d 1150, 1154 (9th Cir.2002).

 Furthermore, it was not plain error for the district court to not adjust downward for acceptance of responsibility be-

cause Roanhorse neither objected to the recommendation in the presentence report that such an adjustment be denied nor argued for the reduction at the sentencing hearing. *Cf. United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir.2002) (placing the burden on defendant to show he is deserving of a reduction for acceptance of responsibility).

 We are without jurisdiction to review Roanhorse's contention that the district court refused to depart downward under U.S.S.G. § 5K2.10 because the record does not indicate that the district court mistakenly believed that it lacked the authority to depart downward. *See United States v. Estrada–Plata*, 57 F.3d 757, 761–62 (9th Cir.1995).

**AFFIRMED in part and DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.