**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Merced MEDINA–LEON, Defendant–**
**Appellant.**

**No. 05–10264.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 17, 2006.*

Decided March 21, 2006.

Anne E. Mosher, Esq., Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Merced Medina–Leon, Central Arizona Detention Center, Florence, AZ, pro se.

Mark Willimann, Esq., Tucson, AZ, for Defendant–Appellant.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM**

Appellant Merced Medina–Leon appeals a 27–month sentence for a violation of 8

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

U.S.C. § 1326(a), as enhanced by § 1326(b)(1). Medina–Leon argues that the district court imposed an unreasonable sentence and that, in the interests of "justice," the prosecutor should have offered him a plea agreement with a sentencing range of 15–21 months. We affirm.

Medina–Leon was offered a plea agreement premised on Medina–Leon's prior state felony conviction constituting a felony crime of violence under the Sentencing Guidelines. Medina–Leon disputed this premise and declined to enter into the plea agreement. The agreement was then withdrawn. At sentencing, the district court agreed that Medina–Leon's state felony conviction for burglary did not constitute a felony crime of violence under the Sentencing Guidelines. The court then sentenced Medina–Leon to 27 months in prison, a three-year period of supervised release, and a $100 special assessment.

Medina–Leon contends that because the district court agreed that the enhancement was not proper, the district court should have sentenced him within the range that would have applied had he accepted a plea agreement. We review a sentence for "unreasonableness." *United States v. Booker,* 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Based on the facts of this case, the sentence was clearly reasonable. The sentencing judge considered Medina–Leon's testimony, and explained that given Medina–Leon's history he found a 27-month sentence appropriate.

Medina–Leon also contends that the government treated him "unjustly" by refusing to offer him a plea agreement not premised on a felony enhancement. Because Medina–Leon is not entitled to a plea agreement, *United States v. Estrada–*

*Plata,* 57 F.3d 757, 760 (9th Cir.1995), we also reject this contention.

**AFFIRMED.**