**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricardo QUINONES–GUTIERREZ,**
**Defendant–Appellant.**

No. 06–10444.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 11, 2007.

Shelley K.G. Clemens, Esq., The Law Offices of Davila Maldonado & Santander LLC, Tucson, AZ, for Plaintiff–Appellee.

Harriette P. Levitt, Esq., Law Offices of Harriette P. Levitt, Tucson, AZ, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Ricardo Quinones–Gutierrez appeals from the 84–month sentence following his

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

plea of guilty to attempted reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellant contends that the district court abused its discretion in imposing the 84–month sentence in this case. But the sentence is reasonable because the district court correctly calculated the Guidelines range and then applied the statutory factors. *See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006). Nor is it so grossly disproportionate to the crime as to constitute cruel and unusual punishment. *See United States v. Estrada–Plata,* 57 F.3d 757, 762–63 (9th Cir.1995) (16–level enhancement not disproportionate); *United States v. Cupa–Guillen,* 34 F.3d 860, 864–65 (9th Cir.1994) (100–month sentence for illegal reentry following deportation for felony drug crimes not cruel or unusual).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.