Donald **WASHINGTON**, Petitioner–Appellant,

v.

John C. **MARSHALL**, Warden, Respondent–Appellee.

No. 05–56863.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed April 7, 2008.

Donald Washington, San Luis Obispo, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Amanda Lloyd, Esq., Office of the Deputy Attorney General, San Diego, CA, for Respondent–Appellee.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

California state prisoner Donald Washington appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging the Board of Prison Term's ("Board") decision finding him unsuitable for parole. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition, *see Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

Respondent's contentions that Washington does not have a clearly established liberty interest in parole, and that a Certificate of Appealability is required, are foreclosed. *See id.* at 1127–28. Respondent's contention that the "some evidence" standard does not apply to parole decisions is also foreclosed. *See McQuillion v. Duncan,* 306 F.3d 895, 904 (9th Cir.2002).

■ We conclude that Washington's equal protection rights were not violated because he has failed to show that others similarly situated were treated more favorably and that the disparate treatment was based on an impermissible motive. *See United States v. Estrada–Plata,* 57 F.3d 757, 760 (9th Cir.1995).

■ Washington contends that the Board's 2001 decision denying him parole violated his due process rights because: (1) the Board relied exclusively on his commitment offense and other unchanging factors in its decision; (2) the record at the parole hearing was incomplete; and (3) the psychological evaluations of Washington were flawed, resulting in certain denial. We reject these contentions. The Board relied on factors in addition to the commitment offense and other unchanging factors in reaching its decision, including Washington's failure to continue participating in substance abuse programming although his commitment offense was drug-related and his addiction problems were severe, and the insufficiency of his parole plans, as reported in his psychological evaluation. *See Sass,* 461 F.3d at 1128–29. Furthermore, Washington was afforded an opportunity to be heard regarding the psychological evaluations and the evidence that he contends was missing from the record, and he received a statement of reasons explaining why his parole was denied. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 14–16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

We conclude that some evidence supports the Board's decision to deny parole. *See Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Irons v. Carey,* 505 F.3d 846, 851–52 (9th Cir.2007). Accordingly, Washington has failed to demonstrate that the state court's decision denying this claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or "was contrary to, or involved an unreasonable application of, clearly established Federal law." *See*

---

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

28 U.S.C. § 2254(d); *see also Hill,* 472 U.S. at 454–56, 105 S.Ct. 2768.

**AFFIRMED.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.