Delmo Figura TORREFRANCA,
Petitioner—Appellant,

v.

Dora B. SCHRIRO; et
al., Respondents—
Appellees.

No. 07–15280.

United States Court of Appeals,
Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Delmo Figura Torrefranca, Florence, AZ, pro se.

Cari McConeghy–Harris, Esq., Nicholas Acedo, AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: PREGERSON, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Delmo Figura Torrefranca appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 petition, challenging his jury-trial conviction and sentence imposed for sexual contact with a minor under the age of fifteen and sexual abuse of a minor under the age of fifteen. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Torrefranca contends that his rights to confront witnesses and to equal protection were violated by the trial court's refusal to appoint an interpreter to assist his wife when she testified at trial. The state court's conclusion that Torrefranca was not prevented from cross-examining the witness is not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d); *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (the Confrontation Clause guarantees only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish" (emphasis in original)). Furthermore, Torrefranca has failed to show that others similarly situated were treated more favorably and that any alleged disparate treatment was based on an impermissible motive. *See United States v. Estrada–Plata*, 57 F.3d 757, 760 (9th Cir.1995). Torrefranca contends that the trial court erred by denying his motion to suppress his statements on the grounds that his waiver under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(1966), was involuntary and unknowing due to his cultural background and difficulties with the English language. Torrefranca further contends that the police coerced him. We conclude that the state court's decision rejecting these claims was not contrary to, or an unreasonable application of, clearly established federal law. *See Amaya–Ruiz v. Stewart,* 121 F.3d 486, 494 (9th Cir.1997); *Derrick v. Peterson,* 924 F.2d 813, 823 (9th Cir.1991).

Finally, Torrefranca contends that the trial court erred by admitting the testimony of an expert witness regarding child sexual abuse witnesses. The state court did not unreasonably apply clearly established federal law because Torrefranca has not shown that the witness testimony rendered "the state proceeding so fundamentally unfair as to violate due process." *See Bueno v. Hallahan,* 988 F.2d 86, 87 (9th Cir.1993) (per curiam).

To the extent that Torrefranca challenges the conditions of his confinement in his March 17, 2008 motion, these contentions fall outside the scope of this appeal. *See Badea v. Cox,* 931 F.2d 573, 574 (9th Cir.1991).

To the extent that Torrefranca raises other contentions not certified on appeal, we construe his contentions as a motion to expand the certificate of appealability and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

All other pending motions are dismissed as moot.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.