**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10176 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00839-ROS |
| v. | |
| JOSE PULIDO-GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Jose Pulido-Gonzalez appeals from the 57-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of 8

U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Pulido-Gonzalez contends that the Government's refusal to offer him a fast-track plea bargain because of his criminal and immigration history violated his constitutional rights. This contention lacks merit because the decision not to offer Pulido-Gonzalez a fast-track plea was within the prosecutor's discretion, and the district court did not clearly err when it concluded that Pulido-Gonzalez did not meet his burden of establishing a prima facie case of invidious discrimination. *See United States v. Armstrong*, 517 U.S. 456, 464-65 (1996); *see also United States v. Estrada-Plata*, 57 F.3d 757, 760-61 (9th Cir. 1995).

Pulido-Gonzalez next contends that the district court procedurally erred and that his sentence is substantively unreasonable because the district court: (1) failed to consider sentencing disparities with other defendants offered fast-track dispositions; and (2) treated the Guidelines as mandatory. The record indicates that the district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-92, 995 (9th Cir. 2008) (en banc); *see also United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir.), *cert. denied*, 130 S. Ct. 83 (2009). Further, considering the totality of the circumstances, including the 18 U.S.C. § 3553(a) sentencing factors, the sentence at the bottom of the Guidelines range is substantively reasonable. *See Carty*, 520 F.3d at 993.

**AFFIRMED.**